<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TYRONE WRIGHT, | |
| Plaintiff, | Civil Action No. 14-0208 (ES) (MAH) |
| v. | <u>MEMORANDUM OPINION</u> |
| CITY OF JERSEY CITY, JERSEY CITY POLICE DEPARTMENT, and JOHN DOES 1 AND 2, | |
| Defendants. | |

**SALAS, DISTRICT JUDGE**

Before the Court is Defendants City of Jersey City ("Jersey City") and Jersey City Police Department's (together, "Defendants") motion for summary judgment. (D.E. No. 23). The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. The Court has considered the parties' submissions and decides the motion without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the following reasons, the Court GRANTS Defendants' motion for summary judgment.

**A. Background**

This action arises out of an alleged incident of police brutality. Plaintiff alleges that on May 11, 2011, he was approached and tackled by two Jersey City police officers[1] who had

---

[1] The Complaint names the two unidentified officers as defendants (John Does 1 and 2). New Jersey Court Rule 4:26-4 allows a plaintiff to bring an action against a defendant whose name is unknown under a fictitious name and requires a plaintiff to amend the complaint to contain the defendant's true name once the plaintiff discovers the defendant's identity. Here, as Plaintiff has neither obtained the true names of the unidentified defendants through discovery nor sought to amend the Complaint to state the defendants' true names, the Court dismisses Plaintiff's Complaint against the John Doe defendants. Nonetheless, as "[t]here is . . . nothing to prevent a plaintiff from

misidentified Plaintiff as a criminal suspect.  (*See* D.E. No. 1-1, Complaint ("Compl.") ¶¶ 7-8). Plaintiff further alleges that he suffered physical, emotional, and psychological injuries as a result of the incident.  (*Id.* ¶ 9).  While Plaintiff acknowledges that he did not see the faces of the individuals who tackled him, he surmised that they were police officers because he heard police radios.  (D.E. No. 26, Condensed Transcript of Deposition of Tyrone Wright ("Wright Dep.") at 37:9-20).  Plaintiff additionally testified that two individuals witnessed the incident,[2] with one witness stating that the individuals who approached Plaintiff were driving a gray Nissan.  (*Id.* at 42:2-18, 59:4-25).  In early September 2014, approximately one month before Plaintiff's deposition, Plaintiff observed a gray Nissan operated by two police officers in Jersey City and recorded the license plate number suspecting that it was the same vehicle involved in his incident.  (*Id.* at 58:8-60:19).  The gray Nissan that Plaintiff observed on this occasion is owned by Jersey City.  (*Id.* at 58:8-13).

On November 15, 2013, Plaintiff initiated this action in New Jersey Superior Court, alleging that Defendants deprived Plaintiff of his civil rights in violation of 42 U.S.C. §§ 1981, 1983, 1985(3) and 1988.  (*See* Compl.).  Specifically, Plaintiff brings two causes of action: (i) unlawful use of excessive force (*see id.* ¶¶ 11-15) and (ii) municipal and supervisory liability for Jersey City's failure to train, supervise, and monitor the conduct of its employees and to prevent the unlawful use of excessive force (*see id.* ¶¶ 16-29).

On January 13, 2011, Defendants removed this action to the District Court for the District of New Jersey.  (D.E. No. 1).  After the parties completed discovery, Defendants moved for

---

foregoing the naming of an individual officer as a defendant and proceeding directly to trial against the municipality," the Court must still address Plaintiff's claims against Jersey City and the Jersey City Police Department.  *See White v. City of Trenton*, 848 F. Supp. 2d 497, 502 (D.N.J. 2012) (quoting *Wilson v. Town of Mendon*, 294 F.3d 1, 7 (1st Cir. 2002)).

[2]      Plaintiff stated in his deposition that one witness was unwilling to testify in Plaintiff's case unless Plaintiff paid the witness.  (*See* Wright Dep. at 40:5-41:18).

summary judgment. (D.E. No. 23-1, Brief in Support of Motion for Summary Judgment on Behalf of Defendants, City of Jersey City and Jersey City Police Department Returnable September 6, 2016 ("Def. Mov. Br")). Defendants also submitted a statement of undisputed material facts per Local Civil Rule 56.1. (D.E. No. 23-3, Statement of Undisputed Facts in Support of the City of Jersey City and the Jersey City Police Department's Motion for Summary Judgment ("SOF")).

Plaintiff opposed Defendants' motion and submitted a supplemental statement of material facts not in dispute.[3] (D.E. No. 24-1 at 1-8, Plaintiff's Reply Brief in Opposition to Summary Judgment, Filed by the Defendants, the City of Jersey City and the Jersey City Police Department and John Does 1 and 2 ("Pl. Opp. Br."); D.E. No. 24 at 9-11). Plaintiff did not submit a responsive statement of material facts as required by Local Civil Rule 56.1, despite being advised to do so by this Court (*see* D.E. No. 27). Consequently, Defendants' SOF is deemed undisputed for purposes of resolving Defendants' motion. (*See id.*; *see also McCann v. Unum Provident*, 921 F. Supp. 2d 353, 359 (D.N.J. 2013) (deeming defendant's statement of material facts undisputed where plaintiff failed to cite any record evidence in responding to defendant's statement)). The matter is now ripe for adjudication.

### B. Legal Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.

---

[3] Local Civil Rule 56.1 allows an opponent of summary judgment to furnish a supplemental statement of disputed material facts, but does not allow the opponent of summary judgment to submit additional undisputed facts. *See* L. Civ. R. 56.1. Here, Plaintiff's supplemental statement of material facts largely comports with Defendants' SOF. To the extent Plaintiff's supplemental statement of material facts asserts factual content not contained in Defendant's SOF (e.g., that the individuals who allegedly assaulted and injured Plaintiff were police officers), the Court considers such factual content disputed.

Civ. P. 56(c); *see also Azur v. Chase Bank, USA, Nat'l Ass'n*, 601 F.3d 212, 216 (3d Cir. 2010).[4] A genuine issue of material fact exists for trial when—in viewing the record and all reasonable inferences drawn from it in the light most favorable to the non-movant—a reasonable fact-finder could return a verdict for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "To be material, a fact must have the potential to alter the outcome of the case." *DeShields v. Int'l Resort Props.*, 463 F. App'x. 117, 119 (3d Cir. 2012).

The movant bears the burden of establishing that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant meets this burden, the non-movant must set forth specific facts that demonstrate the existence of a genuine issue for trial. Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 324; *Azur*, 601 F.3d at 216. Federal Rule of Civil Procedure 56(c) mandates the entry of summary judgment against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. A scintilla of evidence in support of the non-movant's position is insufficient to oppose a summary judgment motion successfully; instead, "there must be evidence on which the jury could reasonably find" for the non-movant. *Anderson*, 477 U.S. at 252. Moreover, the non-moving party may not rest upon the mere allegations or denials in its pleadings. *See Celotex*, 477 U.S. at 324.

### C. Discussion

Defendants argue that Plaintiff has failed to present a prima facie cause of action and that discovery has failed to reveal an actionable claim. (Def. Mov. Br. at 1). Specifically, Defendants argue that "Plaintiff's proofs consist of him observing a similar colored car two years after the incident, owned by Jersey City and operated by plain clothes officers, and surmising that it was

---

[4] Unless otherwise indicated, all internal citations and quotation marks are omitted, and all emphasis is added.

the same car used by the alleged assaulting officers." (*Id.*). Defendants contend they are entitled to summary judgment because (i) the Jersey City Police Department is not a separate entity from Jersey City and thus not subject to suit; and (ii) Jersey City cannot be liable as a matter of law because Plaintiff has not alleged a constitutional violation arising out of a policy, regulation or decision officially adopted by Jersey City or informally adopted by custom, as required by *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658 (1978). (*See id.* at 2).

Plaintiff responds that "[a] jury could conclude from the identification of the assailants that they were Jersey Cit [sic] Police Officers and that the incident therein resulted from a failure of policy procedures and instructions attributable to their employees." (Pl. Opp. Br. at 7). To that end, Plaintiff argues that "a fact issue persists in that the officers, while not identified by name, were acting under color of law within the City of Jersey City . . . ." (*Id.*).

The Court finds that even when viewing the evidence in the light most favorable to Plaintiff, Plaintiff has submitted insufficient evidence from which a reasonable fact-finder could conclude that Defendants deprived Plaintiff of his constitutional rights in violation of 42 U.S.C. §§ 1981 and 1983. As an initial matter, "the express cause of action for damages created by § 1983 constitutes the exclusive federal remedy for violation of the rights guaranteed in § 1981 by state governmental units." *McGovern v. City of Philadelphia*, 554 F.3d 114, 121 (3d Cir. 2009) (quoting *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 733 (1989)). Furthermore, under § 1983, a municipality may not be held vicariously liable for constitutional violations caused by its employees or agents. *Monell*, 436 U.S. at 694. "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.*

"Policy is made when a decisionmaker possessing final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict." *Andrews v. City of Philadelphia,* 895 F.2d 1469, 1480 (3d Cir. 1990) (alterations omitted). A course of conduct is considered to be a custom when, though not authorized by law, such practices of state officials are so permanent and well settled as to virtually constitute law. *Id.* (citing *Monell*, 436 U.S. at 690) (alterations omitted). "Custom . . . may also be established by evidence of knowledge and acquiescence." *Beck v. City of Pittsburgh*, 89 F.3d 966, 971 (3d Cir. 1996). Importantly, to sustain a *Monell* claim, a plaintiff must establish "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989).

Based on the foregoing, the Court finds that Plaintiff has failed to provide sufficient evidence from which a rational trier of fact could conclude that Plaintiff's alleged constitutional violations arose out of a municipal policy or custom. First, the Court finds that the Jersey City Police Department is entitled to summary judgment with respect to the § 1983 claims because, as Defendants correctly note, "courts treat a municipality and its police department as a single entity for purposes of section 1983 liability." *Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 n.4 (3d Cir. 1997). Second, although Plaintiff alleges that Jersey City failed to properly train, supervise, and monitor its employees (*see* Compl. ¶¶ 20-29), Plaintiff does not present any evidence of an official municipal policy or municipal custom that caused Plaintiff's alleged constitutional violations.[5] Even assuming that the individuals who tackled Plaintiff were Jersey City police

---

[5] In his opposition, Plaintiff rehashes the standard for a municipal custom, citing largely to Fifth Circuit case law. (*See* Pl. Opp. Br. at 7). But Plaintiff does not present any evidence, expert or otherwise, that instances of Jersey City police officers using unlawful excessive force against criminal suspects are so persistent and widespread to constitute a municipal custom.

officers and that these officers violated Plaintiff's constitutional rights, Plaintiff fails to provide any evidence from which a jury could find a direct causal link between Plaintiff's injuries and a municipal policy or custom.  And Plaintiff may not rest upon his allegations that Jersey City failed to properly train and supervise its employees.  *El v. Se. Penn. Transp. Auth.*, 479 F.3d 232, 238 (3d Cir. 2007) ("The non-moving party cannot rest on mere pleadings or allegations; rather it must point to actual evidence in the record on which a jury could decide an issue of fact its way.").  Accordingly, the Court grants Defendants' motion for summary judgment with respect to the 42 U.S.C. §§ 1981 and 1983 claims.

Similarly, the Court finds that even when viewing the evidence in the light most favorable to Plaintiff, Plaintiff has submitted insufficient evidence from which a reasonable fact-finder could conclude that Defendants deprived Plaintiff of his constitutional rights in violation of 42 U.S.C. § 1985(3).  To state a claim under § 1985(3), a plaintiff must allege:

> (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is injured in his person or property or deprived of any right or privilege of a citizen of the United States.

*Farber v. City of Paterson*, 440 F.3d 131, 134 (3d Cir. 2006).  Here, Plaintiff does not come close to producing evidence in support of these elements.  *See Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 201 (3d Cir. 2006) ("[S]ummary judgment is essentially 'put up or shut up' time for the non-moving party: the non-moving party must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument.").  Thus, the Court finds that Defendants are entitled to summary judgment with respect to any claims under 42 U.S.C. § 1985(3).

-8-

**D. Conclusion**

For the foregoing reasons, the Court GRANTS Defendants' motion for summary judgment.[6]  An appropriate Order accompanies this Memorandum Opinion.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**

---

[6] As Plaintiff does not prevail in this action, Plaintiff is not entitled to attorney's fees under 42 U.S.C. § 1988.